RACINE PUTTYLESS WINDOW COMPANY, Respondent, vs.
CHAS. GUETZKOW COMPANY, Appellant.

*March 2—March 23, 1915.*

*Sales: By corporation or agent? Setoff.*

Findings of the trial court that certain goods were bought by de-
fendant from the plaintiff corporation through its agent, and
not from the agent himself, against whom defendant claimed an
offset, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge.    *Affirmed.*

This action was brought in the civil court of Milwaukee
county by the respondent to recover for goods, wares, and mer-

chandise alleged in the complaint to have been sold and delivered to the appellant. Judgment was rendered in the civil court for $130.60 damages and $14.79 costs in favor of the respondent and against the appellant. Appeal was taken to the circuit court and the judgment of the civil court affirmed.

The errors relied upon are (1) that the circuit court erred in affirming the judgment of the civil court; and (2) that the circuit court erred in failing to reverse the judgment of the civil court.

*Leon B. Lamfrom,* for the appellant.

For the respondent the cause was submitted on the brief of *Alexander & Burke.*

KERWIN, J. The controversy here turns on whether the sale of the goods, wares, and merchandise was made by the respondent to the appellant, or whether it was made by one Mertz personally to the appellant. Mertz was tenant of appellant and was indebted to it. In the suit by plaintiff in this case the appellant set up the claim that it bought the goods from Mertz and not from respondent and sought to set off a claim which it had against Mertz individually. Mertz was in the employ of the respondent and soliciting manufacturing companies to handle the articles manufactured by respondent, a patented article called puttyless windows. The appellant delivered to Mertz an order to make certain sash. Some correspondence occurred between appellant and respondent respecting the sale, and the only question here is whether the contract of sale was made between respondent and appellant through the respondent's agent, Mertz, or whether the contract was made between appellant and Mertz individually.

Both the civil and the circuit courts held that the contract was made between the respondent and the appellant and we are satisfied that the findings below are well supported by the evidence.

*By the Court.*—Judgment affirmed.